HENRY ROBINSON, Plaintiff in Error, *v.* IRAM NYE, HENRY M. MATTHEWS, WILLIAM W. HULBUT, PHILLIP VAN VOLK-ENBURG, WILLIAM B. LEONARD and ISAAC W. FRENCH, Defendants in Error.

ERROR TO PEORIA.

An assignment for the benefit of creditors, which declares that the assignee shall only be liable for loss or damage, except the same shall arise through his own willful default, is fraudulent and void.

THIS was an action of trespass *de bonis asportatis.*

The declaration was in the usual form in such cases, and contains four counts. The first count is in the usual form for trespass *de bonis,* etc. The second count alleged the existence of a partnership between Andrew S. and George W. Anderson, in Chillicothe, under the name and style of " A. S. Anderson & Bro." That said firm, on, to wit, the 8th day of November, 1856, made an assignment of their goods and effects to the

plaintiff, and that the goods in this count mentioned were conveyed and delivered to plaintiff by said firm, under and by virtue of said assignment, on the said 8th November, 1856, and that defendants seized, took and carried away, etc., (following the usual form.)   The third count alleges the possession of a certain building, or store-house, in Chillicothe, and that defendants broke into said store-house, when, etc., and seized, took, etc.   The fourth count alleges that the plaintiff was, when, etc., in possession of a certain lot and store-house situated thereon, in Chillicothe ; that defendants, when, etc., broke in with force and arms and took possession of the same, and ejected and expelled plaintiff therefrom, and kept said plaintiff expelled and out of the use and occupation of the same for a long time, from thence hitherto, and during all that time said plaintiff lost the use and occupation of the same, which use and occupation was worth, etc.

To the declaration the defendant filed three several pleas. 1st, the general issue ; 2nd, a special plea to the first, second, third and fourth counts of plaintiff's declaration, stating that Wm. W. Hulbut, Phillip Van Volkenburg, and Wm. B. Leonard, partners trading under the name and style of Hulbut, Van Volkenburg & Co., before the time when, etc., sued out a writ of execution from the United States Circuit Court for the Northern District of Illinois, on the 3rd day of January, A. D. 1857, directed to the marshal of said district, commanding, etc., of the goods and chattels of Andrew S. Anderson, impleaded with George W. Anderson, he make the sum of $959.59, on a judgment in said United States Court before that time recovered by Hulbut, Van Volkenburg & Co., against said Andrew S. Anderson, impleaded with George W. Anderson ; that the goods and chattels in plaintiff's declaration mentioned, were the goods and chattels of said Andrew S. and Geo. W. Anderson, partners under the name and style of A. S. Anderson & Bro.; that said Nye was the United States Marshal before and at the time of issuing said writ of execution, and took and seized said goods, etc., as said marshal, by virtue of said writ ; that the other defendants entered, took and seized, etc., as the servants of said Nye, for purpose aforesaid, etc.

The third plea alleges that Andrew S. and Geo. W. Anderson owned the goods and chattels mentioned in plaintiff's declaration, and not by the plaintiff.

Issue was filed to defendants' first plea.

Leave was obtained of court to reply double to defendants' first plea, and filed, first, a replication denying the several facts in said second plea, and defendants joined issue thereon.   The second replication to second plea of defendants denied that the

38

goods and chattels in plaintiff's declaration mentioned, were the goods and chattels of Andrew S. and George W. Anderson, partners, etc., but the goods and chattels of plaintiff, and defendants joined issue upon the same.

The replication to defendants' third plea denied that Andrew S. and George W. Anderson owned the goods, etc., but that plaintiff owned the same, and defendants joined issue upon the same.

A jury being impanneled, plaintiff called *Andrew S. Anderson*, who testified that he knew George W. Anderson; that George W. and witness were equal partners in buying and selling goods at Chillicothe from April 1, 1856, to November 8, 1856; that George left September 8, 1856, with $1,600 in money belonging to said firm; that the name of the firm was A. S. Anderson & Bro.; that George went *via* Virginia (to raise more money) to New York, in the State of New York; that he went to New York to pay debts and buy goods for said firm; that when George left, he told witness to do what he thought best for the firm; that George never returned, and witness never heard of him until the spring of 1857, and knew nothing as to his whereabouts until the spring of 1857; that when George left, he expected to be absent about four weeks at most; that George being absent, and witness not being able to consult with George, and not knowing where George was, and having the sole management of the firm affairs, on the 8th day of November, A. D. 1856, executed the assignment and schedules to plaintiff, and plaintiff took possession of the property assigned on the 10th day of November, 1856; that at the time the assignment was executed, the firm was largely indebted, and between $4,000 and $5,000 was due, and creditors whose claims were due were pressing for payment; that one debt of between $200 and $300 was sued, and all wanted their pay; that at the time the assignment was made, witness and the firm had not money enough to pay any one of their creditors. The plaintiff then offered an assignment and additions thereto in evidence. The assignment contains this provision : " Provided always, and it is hereby agreed, that the said trustee for the time being, his substitute or executors or administrators, shall not be liable for more money or effects than he shall receive, nor for any loss or damage which may happen thereto except the same shall arise through his own willful default, and the said respective creditors, parties hereto, do, and each and every one of them for himself and herself severally and respectively, and for their several and respective executors, administrators, partners and assigns, doth hereby accept and take the estate and effects hereon assigned in full payment, satisfaction and discharge of all their respective debts and

demands aforesaid, and all loss and damage sustained or to be sustained by reason of any liability aforesaid, and do and each and every one of them doth absolutely remise, release, discharge and quit claim the said party of the first part of and from all demands which they, or any or either of them, now have, ever had or hereafter may have, claim or demand against the said party of the first part. And it is understood that any additions, corrections and alterations may be made in the schedules hereto annexed for the more full and accurate specification of the matters and things therein contained or intended to be contained."

THIS INDENTURE, AGREEMENT, DECLARATION AND RELEASE, Made this day at Chillicothe, by and between A. S. Anderson & Bro. of the first part, Henry Robinson, trustee, of the second part, and the several creditors of said A. S. Anderson & Bro. of the third part, witnesseth, That in the assignment this day executed by the said A. S. Anderson & Bro. to the said Henry Robinson, for the benefit of said creditors, as in said assignment mentioned and set forth, it was not the intention of the parties executing said assignment to require, compel or to induce any creditor of said firm of A. S. Anderson & Bro. to execute or release said firm of A. S. Anderson & Bro. from the claim of said creditors, or either of them, as a condition upon which such creditors could or should receive their share of the proceeds of the property assigned. And the said A. S. Anderson & Bro. hereby release and discharge all and every of their said creditors from and of all conditions, if such should be found in said assignment, and authorize and empower each of said creditors to receive from said Henry Robinson, trustee, etc., the share or part of such creditor or creditors of the property assigned, or the proceeds thereof, in the order in which they and each are preferred and mentioned in said assignment, without executing any release or instrument whatever as a condition upon which they shall be entitled to receive their dividend. And the said A. S. Anderson & Bro. further stipulate, declare and agree, that said trustee shall at once, without delay, proceed to convert the property assigned into money, and pay over the same to the creditors of said firm, first paying the creditors preferred the full amount of their respective claims, and the remaining creditors of said firm pro rata; and this instrument is made part and parcel of the assignment hereto attached, and is to be considered as a part and parcel thereof.

A. S. ANDERSON & BRO. [SEAL.]<br>HENRY ROBINSON. [SEAL.]

WE, A. S. Anderson & Bro., hereby sell, assign, transfer and deliver to Henry Robinson, (in consideration of the trusts hereinbefore mentioned, and of one dollar to us in hand paid,) all the goods, wares, merchandise, property and estate mentioned in and described in the schedules hereto annexed, for the purposes and upon the trusts in said instruments, schedules, etc., hereto annexed, mentioned and declared, and which instruments and schedules, etc., we adopt and make part of this instrument.

A. S. ANDERSON & BRO.

No question was made to the signature or execution of the assignments and additions. The plaintiff admitted that the

additions were executed on Thanksgiving Day, being November 25, A. D. 1856, and after the original assignment was executed.

The defendants objected to assignment and additions going in evidence, (but not on the ground that the execution thereof was not proved.)

And the court sustained the objection, and excluded the assignments, additions and schedules from the jury; to which decision of the court sustaining said objection, and excluding said assignment and schedules, the plaintiff then and there, at the time, objected and excepted.

The plaintiff then proved to the jury that the plaintiff took possession of the goods in plaintiff's declaration mentioned, under said assignment and addenda, and kept and retained full and sole possession of the same, for the space of over a month, and proceeded in good faith to execute the trusts and convert the property into money; and while the plaintiff was in possession of the goods, executing the trusts, the defendants entered in such possession, and with force and arms, took and carried away thirty-five hundred dollars worth of said goods, and converted the same to their own use.

It was admitted by plaintiff that Matthews and French were acting as the deputies of Nye, the marshal, when they seized the goods.

The jury found for the defendants.

The plaintiff entered a motion for a new trial, for the following reasons:

1. The court erred in excluding proper evidence offered by the plaintiff.

2. The court erred in excluding the assignment and additions thereto, offered in evidence by the plaintiff.

3. The court erred in admiting improper evidence offered by defendants.

4. The verdict is against the weight of evidence.

5. The verdict is against law.

6. The verdict should have been for the plaintiff.

But the court overruled said motion, and refused to grant a new trial.

The cause was tried before POWELL, Judge, and a jury.

GROVE & DAVIDSON, for Plaintiff in Error.

H. M. WEAD, for Defendants in Error.

BREESE, J. The assignment of Anderson under which the plaintiff claims the goods in controversy is fraudulent and void on its face, as we have already decided in the case of *McIntire*

v. *Benson*, 20 Ill. R. 500. On its face, the assignee is made liable only for willful defaults. We will not go over the ground traversed in the case above cited, but refer to it as decisive of this case.

The plaintiff here however insists that this objectionable feature of the deed of assignment has been remedied by the second amendment made by the assignor himself to the deed without the concurrence of the assignee.

This we think does not validate the assignment, for by the amendment, the property is subject to the same trusts as in the original deed.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*